JOBST-BETHARD COMPANY, Appellant, v. GLENWOOD CAN-
NING Co.

**Sales:** CONTRACT: CORRESPONDENCE. In an action for damages for
failure to deliver goods in accordance with an alleged contract
of sale, the correspondence between the parties is reviewed
and held insufficient to constitute a binding contract.

*Appeal from Mills District Court.*— HON. A. B. THORNELL,
Judge.

TUESDAY, DECEMBER 12, 1905.

ACTION to recover damages for breach of contract by
defendant to deliver goods in accordance with an alleged
completed contract of sale. A demurrer to the petition was
sustained, and from judgment thereon in defendant's favor
plaintiff appeals.— *Affirmed.*

*Mayne & Hazelton* and *Dan F. Raum,* for appellant.

*C. E. Dean,* for appellee.

McCLAIN, J.— From the allegation of the petition it
appears that the firm of Jones Bros., engaged in the broker-
age business as buyers and sellers of groceries, provisions,
and produce at Peoria, Ill., received a letter from the de-
fendant company doing business at Glenwood, Iowa, in these
words: "Your postal card is received, and in reply will say
we can offer 1,000 cases Glenwood corn at 70c, f. o. b. fac-
tory, for quick acceptance. If price is satisfactory will send
samples." They immediately replied by telegram as fol-
lows: "Accept thousand corn, seventy, f. o. b., regular
terms. Writing buyers name. Have you any more?" A
subsequent telegram on the same day advised defendant that

the plaintiff firm was the proposed buyers of the corn, and directed defendant to "express us samples today." Jones Bros. wrote fully on that date confirming their telegrams accepting what was assumed to be an offer to sell contained in defendant's letter above quoted, and disclosing the name of plaintiff firm as the proposed buyer. The letter contained this further language: "We will immediately telegraph you as soon as we receive the samples. There is no question if the corn is good standard, but what they will be approved." On October 2d, following, Jones Bros. wrote to defendant: "We have not yet received samples of the corn which we purchased for Jobst-Bethard Co., on the 29th. Kindly send these promptly, and they will arrange to move them without delay." On the next day, defendant replied to Jones Bros. that the corn offered was sold to others before their letter arrived.

The only question raised by the demurrer, which need be considered in disposing of this appeal from the judgment of the lower court in favor of defendant on demurrer to plaintiff's petition asking damages for breach of a contract to sell the goods specified in the correspondence, is whether the correspondence establishes a completed contract of sale. We think defendant's first letter was a proposal or solicitation of an offer to buy and not a proposal or offer to sell the acceptance of which would constitute a binding contract. At any rate the former is the meaning plainly put upon defendant's letter by Jones Bros., for they request that samples be sent, and say that if the samples show the goods to be of good quality they will no doubt be accepted. On each side it is proposed and understood that samples are to be sent for the purpose of inspection by the proposed buyers, and it is not made apparent why the buyers were to have samples unless they regarded the negotiations as still open so that they could refuse to take the goods if the samples were not satisfactory to them. There was neither a binding offer nor a binding acceptance, and plaintiff's petition states no cause of action.

The judgment of the trial court is *affirmed.*